IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Traci Pettigrew, | Civil Action No.: 1:14-cv-955 |
| Plaintiff, | |
| v. | |
| Santanna Natural Gas Corporation; and DOES 1-10, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT & JURY DEMAND**

For this Complaint, the Plaintiff, Traci Pettigrew, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

3. The Plaintiff, Traci Pettigrew ("Plaintiff"), is an adult individual residing in Potterville, Michigan, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Santanna Natural Gas Corporation ("Santanna"), is a Texas business entity with an address of 7701 San Felipe Boulevard, Suite 200, Austin, Texas 78729, and is a "person" as defined by 47 U.S.C. § 153(39).

1

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by Santanna and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Santanna at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year Santanna began placing calls Plaintiff's cellular telephone, number 517-xxx-0071, in an attempt to solicit its products and services to Plaintiff.

8. Santanna placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer").

9. When Plaintiff answered the calls, she was met with a period of silence and had to wait on the line to be connected to the next available Agent.

10. Plaintiff spoke with the Agent in late April 2014, whom she advised that she was not interested in the services Santanna was soliciting and requested that all calls to her cellular telephone cease.

11. Despite being requested to stop the calls, Santanna continued to place automated calls to Plaintiff's cellular telephone.

12. Plaintiff had prior business relationship with Santanna and had originally provided Santanna with her cellular telephone number.

13. However Plaintiff terminated the contract with Santanna and revoked her consent to be contacted at her cellular telephone.

14. Accordingly, Santanna no longer had Plaintiff's express consent to call her at her cellular telephone using ATDS.

15. The calls caused Plaintiff a great deal of frustration and intruded on her right to be free from unwanted invasions. Plaintiff was ultimately forced to retain the assistance of counsel in an effort to stop the calls.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227,** *et. seq.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. At all times mentioned herein and within the last year, Santanna called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

18. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.  In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

19. Defendants' telephone systems have earmarks of a Predictive Dialer.

20. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to a live agent.

21. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

22. Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

23. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    C.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 12, 2014

        Respectfully submitted,

        By: /s/ Sergei Lemberg, Esq.
        Attorney for Plaintiff Traci Pettigrew
        LEMBERG LAW, L.L.C.
        1100 Summer Street
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:   (888) 953-6237
        Email: slemberg@lemberglaw.com